UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RAYMOND EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CV425-213 |
| | ) |
| SUZANNE WEST, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Raymond Edwards, a prisoner at the Chatham County Detention Center, has filed a Complaint using the form for civil rights claims under 42 U.S.C. § 1983. *See, generally*, doc. 1. His statement of claims, however, suggests that much, if not all, of the relief sought is available only through a habeas corpus petition. *Id.* at 5-6. He has also moved to proceed *in forma pauperis*. Doc. 2. Although it appears that Edwards is indigent, the Court cannot conclude that authorization to proceed *in forma pauperis* is proper until it determines the nature of Edwards' action. Plaintiff is, therefore, **DIRECTED** to file an Amended Complaint or Petition within 30 days of this Order clarifying and fully detailing the type of relief sought.

1

Edwards has initiated this action by completing a form complaint provided for prisoners seeking damages for constitutional violations, pursuant to 42 U.S.C. § 1983. *See generally* doc. 1. He discloses another action "dealing with the same facts," filed in Terrell County Superior Court that is currently pending. *Id.* at 1-2. He also states, inaccurately it appears, that he has not filed any other lawsuit in federal court. *See id.* at 2; *see also, e.g., Edwards v. C.C.D.C.*, 4:21-cv-183, doc. 1 (S.D. Ga. June 21, 2021); *Edwards v. Alston*, 4:21-cv-165, doc. 1 (S.D. Ga. Apr. 27, 2021). Despite using the § 1983 form complaint, the substance of Edwards' pleading discusses the fact that he is required to register as a sex offender and seeks "release from registration requirements . . . ." Doc. 1 at 5-7.

The Court cannot determine if plaintiff is seeking relief under 42 U.S.C. § 1983, which allows for injunctive relief, or 28 U.S.C. §§ 2241 or 2254, which allow for relief from state-court criminal judgments. This distinction is significant for a variety of reasons. The most immediate concern is that it might impact the jurisdiction of the Court to consider this case.

The nature of plaintiff's claim is also relevant as habeas petitions and § 1983 claims are subject to different filing fees and filing restrictions. 28 U.S.C. § 1914 (establishing the filing fee for civil matters as $350 and applications for writs of habeas corpus as $5.) Petitioners may only bring one habeas action under § 2254 before they are required to seek permission from the Eleventh Circuit to file a successive action. 28 U.S.C. § 2244(b)(3)(A). Such claims also require exhaustion of all state avenues of relief before a federal action is initiated. 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[] the remedies available in the courts of the State" before seeking federal relief). Prisoners filing civil rights claims under § 1983, on the other hand, are subject to the restrictions of the Prison Litigation Reform Act (PLRA), which limits a prisoner's ability to pursue non-meritorious claims while proceeding *in forma pauperis*. 28 U.S.C. § 1915(g).

Of particular relevance to plaintiff is that elimination of his obligation to register as a sex offender is not available through a habeas action. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) (the only available remedy through a habeas action is "immediate or more speedy release."). Alternatively, a § 1983 claim can result in injunctive relief; however, it

3

cannot grant release from incarceration. *See Abella v. Rubino*, 63 F.3d 1063, 1066 n. 4 (11th Cir. 1995) ("[I]njunctive and declaratory relief claims which challenge the fact or duration of confinement are simply never cognizable in § 1983 or Bivens actions."). It is not entirely clear that Edwards' request for "release" from registration requirements implicates his present incarceration, but he does suggest that his present incarceration is based on his failure to register. *See, e.g.,* doc. 1 at 7. The Court, therefore, cannot definitively conclude that Edwards' claims do not seek some sort of habeas relief.

For these reasons, the plaintiff must clarify the nature of his claim before the Court can take any action. Therefore, the Clerk of Court is **DIRECTED** to include with this Order copies of the Petition for Relief From a Conviction or Sentence by a Person in State Custody (AO 241), Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (AO 242), Complaint for Violation of Civil Rights (Prisoner) (Pro Se 14), and Application to Proceed in District Court Without Prepaying Fees or Costs (AO 240). The plaintiff is directed to complete the form that best suits

4

his intended claim, along with the IFP application, and return them within 30 days of this Order.

**SO ORDERED,** this 17th day of September, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA